ROBERT RUTTER and Others, Respondents, *v.* THE GERMICIDE COMPANY of New York, Appellant.

*Inspection of corporate books of account — when ordered.*

An order for the inspection of the defendant's books of account is proper, in an action brought against a domestic corporation to obtain the specific performance of its contract to pay dividends on its preferred stock, and for an accounting, pending before a referee, where the treasurer of the defendant, having produced some of its books before the referee under a subpœna *duces tecum* issued by the plaintiffs, refuses to permit a bookkeeper designated by the plaintiffs, to examine the same, although repeatedly requested so to do by the referee, and by the plaintiffs' attorney.

APPEAL by the defendant, the Germicide Company of New York, from an order of the Supreme Court, made at the New York Special Term at Chambers, upon the plaintiffs' motion, and entered in the office of the clerk of the city and county of New York, on the 15th day of May, 1893, directing the defendant to produce its books of account, at its place of business, for the inspection of the plaintiffs, or their accountant.

The action was brought by the plaintiffs in behalf of themselves and the other holders of defendant's preferred capital stock to obtain a specific performance of defendant's contract to pay its preferred stockholders a six per cent annual dividend quarterly, and to secure such dividends by the deposit in the defendant company of fifteen per cent of its monthly earnings, and for an accounting.

The answer interposed by defendant, which is a domestic corporation, admitted all the material allegations of the complaint, except the allegations that defendant's net earnings had been sufficient to pay the passed dividends, and that its earnings had habitually been illegally diverted.

Upon the joinder of issue the action was referred to a referee to hear and determine the same, and witnesses were examined before him at four hearings, some of defendant's books of account being produced by its treasurer, in whose custody they were, under *subpœna duces tecum.*

No bookkeeper designated by plaintiffs' attorney was allowed by defendant's treasurer or by its attorney to examine defendant's books, although permission to make such examination was repeatedly requested, both by the referee and by the plaintiffs' attorney, and finally the referee suggested to plaintiffs' attorney that he should apply to the court for an order of inspection, and furnished his certificate for that purpose.

*L. J. Morrison,* for the appellant.

*Vernon H. Brown* for the respondent.

Per Curiam:

In view of the conduct of the defendant in reference to the production of the books under the subpœna *duces tecum,* we think the granting of the order for examination was justified.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Order affirmed, with ten dollars costs and disbursements.